UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLEN HOLMSTROM, Derivatively On Behalf of OFFICEMAX INC., Plaintiff, | )<br>)<br>)<br>) |
| v. | ) No. 05 C 2714 |
| GEORGE J. HARAD, et al., Defendants. | )<br>)<br>)<br>) |

## MEMORANDUM ORDER AND OPINION

MARVIN E. ASPEN, District Judge:

Presently before us is Plaintiff Glen Holmstrom's motion to remand. For the reasons set forth below, we grant the motion.

### BACKGROUND

On April 25, 2005, Plaintiff filed a shareholder derivative action under Illinois law in the Circuit Court of Cook County, Illinois against twenty-eight officers and directors of OfficeMax, Inc., a Delaware corporation. The complaint alleged, among other things, that the Defendants breached their fiduciary duties and wasted OfficeMax's corporate assets. Two of the individual Defendants are Illinois residents.

On May 5, 2005, Plaintiff's attorney asked counsel for Defendant Gary Peterson whether Peterson would be willing to waive service of process. On May 6, 2005, without further discussion regarding a waiver of service, Peterson, an Ohio citizen, removed the case to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332. At the time of removal, Holmstrom had not served any of the twenty-eight Defendants, nor had any Defendant made an appearance in the Cook County Circuit Court. On June 6, 2005, Holmstrom filed this motion to remand.

## ANALYSIS

A case that begins in state court is removable to federal court only if it could have originally been brought in federal court. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Pursuant to 28 U.S.C. § 1332, federal diversity jurisdiction exists over this case because the parties are completely diverse and the amount in controversy exceeds $75,000. Therefore, the jurisdictional requirement of §1441(a) is satisfied.

A removing defendant in a diversity case must also satisfy the requirements of 28 U.S.C. § 1441(b). Section 1441(b) provides that a diversity case "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Often called the "forum defendant" rule, this provision would normally allow a plaintiff to keep a case in state court if any defendant is a citizen of the State in which the action is filed. *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 378 (7th Cir. 2000). This is not always the case, though, because under § 1441(b) only the presence of a forum defendant who has been "properly joined and served" would defeat removal. 28 U.S.C. § 1441(b). As many courts have recognized, therefore, an unserved forum defendant will generally not defeat removal. *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001); *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 180-81 (S.D.N.Y. 2003); *Ott v. Consol. Freightways Corp.*, 213 F. Supp. 2d 662, 665 (S.D. Miss. 2002); *Maple Leaf Bakery v. Raychem Corp.*, No. 99 C 6948, 1999 WL 1101326, at *1 (N.D. Ill. Nov. 29, 1999).

Unlike the case before us, however, the cases cited above all addressed a situation in which the removing defendant had either been served or had voluntarily appeared. Here, the removing Defendant, Peterson, was obviously aware of the complaint, but he was never served nor did he make an appearance in state court. In fact, not one of the twenty-eight individual Defendants in this case

received service or appeared. Therefore, we are presented with a question that has received little treatment in the federal courts: whether, under § 1441(b), the citizenship of a forum defendant defeats removal when, prior to removal, no defendant has been served or otherwise appeared.

To our knowledge, only one federal court has addressed this factual scenario. In *Recognition Communications, Inc. v. American Automobile Association*, No. Civ. A. 3:97-CV-0945-P, 1998 WL 119528 (N.D. Tex. March 5, 1998), non-forum defendants removed the case to federal court before any defendant was served or appeared. *Id*. at *1. Another defendant who did not join the notice of removal was a citizen of Texas, the forum state. *See id*. at *1 n.1. On plaintiff's motion to remand, the court found that removal was improper because the removing defendants could not ignore the forum defendant's presence. While observing that the citizenship of an unserved forum defendant should generally be disregarded for removal purposes under § 1441(b), the court crafted a limited exception to this rule in cases where no defendant had been served prior to removal. *Id*. at *3, n.3.

We agree with the result reached in *Recognition Communications*. Initially, we recognize the tension between this result and the literal language of § 1441(b). The forum defendant rule expressed in § 1441(b) precludes removal only when a forum defendant has been "joined and served." 28 U.S.C. § 1441(b). Peterson's straightforward argument, therefore, is that the presence of two unserved Illinois defendants should not bar removal. Peterson further contends that nothing in the removal statute explicitly limits the "joined and served" requirement to cases in which at least one defendant has been served prior to removal. Peterson's contention notwithstanding, we find that remand is proper. Simply put, the policy of the "joined and served" requirement is not implicated in this situation. As one court has noted:

> The purpose of the 'joined and served' requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve. Defendants are entitled to act to remove a case based on circumstances at the time they are sued, and are not required

3

to guess whether a named resident defendant will ever be served.

*Stan Winston Creatures,* 314 F. Supp. 2d at 181. The "joined and served" requirement makes sense, then, when one defendant has been served but the named forum defendant has not. After all, a plaintiff should not be able to prevent a served defendant from removing simply by naming, but not serving, a forum citizen as a defendant. When no defendant has been served, however, the non-forum defendant stands on equal footing as the forum defendant. Neither defendant in that scenario is obligated to appear in court. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999). Nor has the thirty-day period for removal started to run for the unserved non-forum defendant. *Id*. at 354 (holding that a defendant's thirty-day period for removal as set forth in 28 U.S.C. § 1446(b) cannot begin to run until that defendant has been served). Once served, a defendant may immediately remove an otherwise removable case without regard to the unserved forum defendant, but the protection afforded by the "joined and served" requirement is wholly unnecessary for an unserved non-forum defendant. Given this, we will not apply the "joined and served" requirement here because no Defendant has been served. The citizenship of the unserved Illinois Defendants (i.e., the forum Defendants) therefore defeats removal at this stage. Plaintiff's motion to remand is granted.

Plaintiff has also requested costs and attorneys' fees. An order to remand may require payment of costs and expenses, including attorneys' fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). Although Plaintiff need not show that the removal was in bad faith in order to recover such costs, we have broad discretion in deciding whether to award fees. *Sirotzky v. New York Stock Exch.*, 347 F.3d 985, 987 (7th Cir. 2003). Accordingly, since Peterson presented a reasonable argument in favor of removal in this unique situation, we will deny Plaintiff's requests for costs. *See Hahn v. PepsiCo, Inc.*, 950 F. Supp. 2d 758, 765 (N.D. Ill. 2004) (denying plaintiff's motion for fees

pursuant to § 1447(c) because defendant had provided a reasonable argument for removal).

## CONCLUSION

We grant Plaintiff's motion to remand this case but deny his request for costs and attorneys' fees. It is so ordered.



MARVIN E. ASPEN
United States District Judge

Dated: August 11, 2005